Judgment rendered May 20, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,890-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

WILLIAM FREDERICK                    Plaintiffs-Appellants
BENNETT, ET AL

versus

STATE FARM INSURANCE, ET             Defendants-Appellees
AL

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2023-3795

Honorable Frederick Douglass Jones, Judge

* * * * *

LAW OFFICE OF ANTHONY            Counsel for Appellants,
J. BRUSCATO (APLC)               William Frederick
By: Anthony J. Bruscato          Bennet and Bennett
                                 Properties of North
                                 Louisiana, LLC


DAVENPORT, FILES & KELLY, LLP     Counsel for Appellee,
By: M. Shane Craighead            State Farm Fire and
                                  Casualty Company


C. JOSEPH ROBERTS, III            Counsel for Appellee,
                                  The City of West
                                  Monroe

BURGLASS, TANKERSLEY                  Counsel for Appellees,
GAUDIN AND PHAYER                     Sweet Olive Homes,
By: Francine M. Giugno                LLC and Rob White
                                      Realty, LLC

* * * * *

Before PITMAN, COX, and ROBINSON, JJ.

**COX, J.**

This civil appeal arises from the Fourth Judicial District Court, Ouachita Parish, Louisiana. William Bennett ("Bennett"), individually, and on behalf of his limited liability company, Bennett Properties of North Louisiana, LLC (collectively, "Appellants"), appeals the trial court's ruling granting summary judgment in favor of named defendant, State Farm Insurance Company ("State Farm"), and the granting of exceptions of no right of action filed by Sweet Olive Homes, LLC ("Sweet Olive"), its listing agent, Rob White ("White"), and the City of West Monroe ("the City").

On review, we reverse the trial court's granting of the motion of summary judgement; affirm the granting of exceptions of no right of action as to Bennett in his individual capacity; and reverse the trial court's granting of exceptions of no right of action as to "Bennett Properties, LLC," as the original petition was amended to substitute the proper party, Bennett Properties of North Louisiana, LLC, thereby rendering the exceptions moot.

## FACTS & PROCEDURAL HISTORY

Sweet Olive listed property located on 1300 2nd Street North ("the property"), in Monroe, Louisiana, with White as the named listing agent. On December 1, 2022, Bennett purchased the property and was listed as the sole owner in his individual capacity. On December 15, 2022, Bennett purchased a home insurance policy from State Farm, wherein "Bennett Properties, LLC" was listed as the named insured. On December 16, 2022, Bennett transferred ownership of the property to Bennett Properties of North Louisiana, LLC, in which Bennett is the sole member and manager.

Shortly after Bennett transferred ownership to Bennett Properties of North Louisiana, LLC, a freeze warning was issued for the Monroe area, and

the water pipes in the home burst. On December 28, 2022, Jarrett Wilson ("Wilson"), an employee for the City of West Monroe ("the City"), was assigned to check areas of the city where its computer system indicated there had been a drop in pressure. When Wilson arrived at the property, he noted that he could hear running water inside the property and understood this meant the pipes had burst. Wilson noted that the water valve between the water main and water meter was broken, so he had to repair it before shutting off the water. Bennett filed a claim with State Farm; however, on February 24, 2023, State Farm denied the claim, providing that no coverage would be afforded under Section 1 of the policy, entitled LOSSES NOT INSURED. The provision provided, in pertinent part:

> (1) We do not insure for loss to the property. . . directly and immediately caused by, one or more of the following:
> . . .
> (b) freezing of a plumbing. . . system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
>> (1) maintain heat in the building; **or**
>> **(2) shut off the water supply and drain the system and appliances of water. . .** (Emphasis added).

On August 29, 2023, Bennett, as managing partner, and on behalf of named plaintiff "Bennett Properties, LLC," filed a petition for damages against State Farm, Sweet Olive, White, and the City. Bennett alleged that when he purchased the property, Sweet Olive, through White, represented that the property had not only been vacant for several months prior to his purchase, but the property had also been winterized. He noted that several placards were placed throughout the home with the following notice:

> **"STOP! THIS HOME HAS BEEN WINTERIZED!**
> **DO NOT COMPROMISE THE WINTERIZATION BY**
> **TURNING ON WATER TO THIS PROPERTY OR**

2

**RECONNECTING ELECTRICITY TO THE HOT WATER HEATER!**

**PLEASE DO NOT USE THE SINKS OR TOILETS. THE WATER HAS BEEN TURNED OFF TO PREVENT FREEZE DAMAGE. PLEASE REPORT ANY PROBLEMS TO THE ASSIGNED LISTING AGENT.**

**DATE OF WINTERIZATION: 09/22/2022 COMPANY NAME: SWEET OLIVE HOMES LLC"**

Appellants argued that at no point did he or anyone who did work on the home need to use the water, and no work done on the home required the use of water.

Appellants further argued that water services had been turned off at the property, and at no point during that time did he request to have water services returned. Appellants asserted that he reasonably relied on the warning placards, and the duty to ensure the pipes in the home were properly winterized had been breached. As such, Appellants asserted that the damage sustained should have been covered under the insurance policy, and each of the named defendants was jointly liable for the damages sustained to the property.

Following discovery and deposition of Bennett and White, State Farm filed an exception of no right of action on May 15, 2025. State Farm alleged that the named plaintiffs, Bennett and "Bennett Properties, LLC," were improper parties to this suit. Specifically, State Farm argued that "Bennett Properties, LLC" was a different legal entity from Bennett Properties of North Louisiana, LLC, and as such, neither Bennett nor "Bennett Properties, LLC" owned the property and, thus, have no right of action to pursue damages.

State Farm additionally filed a motion for summary judgment, acknowledging that it provided coverage for the property and that Bennett Properties of North Louisiana, LLC, was the proper party to this suit. State Farm argued that Appellants' claims against it be dismissed because the policy provision specified that owners were to use reasonable care to either provide heat or to ensure that the water in the home was shut off and drained from appliances and pipes. In this case, State Farm argued that it was clear there was no heat in the home; and because of the flood, it was also evident that the water system to the home was pressurized or had not been properly drained from the pipes. Therefore, the exclusion applied and coverage could not be afforded.

On May 16, 2025, the City also filed an exception of no right of action similarly alleging that neither Bennett nor "Bennett Properties, LLC" were proper parties to the suit such that the action should be dismissed. Sweet Olive and White jointly filed an exception of no right of action, presenting a similar argument. In response, on May 29, 2025, Appellants filed a motion to supplement and amend the original petition for damages to reflect that Bennett Properties of North Louisiana, LLC, was the proper party to the suit rather than "Bennett Properties, LLC." Appellants' motion was granted without opposition.

On July 28, 2025, Appellants filed an opposition to State Farm's motion for summary judgment. Appellants argued that reasonable care was exercised because Bennett relied on the placards Sweet Olive placed in the home, which indicated that the home had been winterized. Appellants attached copies of the utility records for the property, which showed there had been no water usage at the property between August 2022 until

4

December 18, 2022.  Appellants also attached depositions from Bennett and White, as well as affidavits from Bennett and his father, Fred Emmett Bennett in support of their position.

In response, State Farm filed a motion to strike the affidavits, arguing that neither are experts and therefore, any information provided would be merely speculation.  Moreover, State Farm argued that Appellants should not be excused from their duty of care under the policy simply because they relied on placards placed in the home.  State Farm contended that Appellants had a duty to exercise reasonable care, which was not done in this case; and therefore, its motion for summary judgment should be granted.

On August 8, 2025, the City filed an exception of no right of action, asserting that Bennett in his individual capacity should be removed as a party to the suit.  On August 12, 2025, a hearing on the motion for summary was held; at its conclusion, the trial court granted summary judgment in favor of State Farm.  Appellants filed a motion to reconsider for new trial and an additional opposition in response to the City's, Sweet Olive's, and White's exceptions for no right of action arguing that Bennett was a proper party because he was the acting agent of Bennett Properties of North Louisiana, LLC, and therefore, maintained the right to assert its legal rights.  Moreover, Bennett Properties of North Louisiana, LLC, is not a new party to the litigation and has always been the proper party to this suit.

On September 2, 2025, the trial court granted the City's. Sweet Olive's, and White's exceptions of no right of action.  As it concerned the City, the trial court provided, in pertinent part:

> …[T]he named plaintiff, William Frederick Bennett, individually, and Bennett Properties, LLC through William Bennett as managing partner, have no right of action to seek

5

damages for the reason that neither plaintiff was a named owner of the damaged property at the time of the following; the court having reviewed the record including all pleadings and the evidentiary offering of the parties (and to include an amended petition of the Plaintiff substituting Bennett Properties of North Louisiana, LLC as the proper corporate owner of the property in place of Bennett Properties, LLC; considered the evidence submitted and heard the argument of counsel, and believing the City to be entitled to the relief sought in that neither of the originally named plaintiff had a right of action for damages to the property identified in this proceedings after December 16, 2022 and that the plaintiff has declined to remove Bennett individually, as a plaintiff.

. . .

**…[T]his ruling does not impact any rights of Bennett Properties of North Louisiana, LLC to prosecute the claims originally filed by the originally named plaintiffs, Bennett Properties of North Louisiana, LLC having been properly substituted as a party plaintiff.** (Emphasis added).

As it concerned Sweet Olive and White, the trial court provided, in pertinent part:

…[T]he Court concludes that neither William Frederick Bennett nor Bennett Properties, LLC had any right nor has any right to bring the instant action. IT IS FURTHER ORDERED that Bennett Properties of North Louisiana, LLC is the proper party plaintiff to prosecute the claims in this matter.

This appeal followed.

## DISCUSSION

**Assignment of Error 1: Whether the trial court erred in granting the motion for summary judgment in favor of State Farm.**

By its first assignment of error, Appellants argue that the trial court erred in granting State Farm's motion for summary judgment. Specifically, Appellants argue that it was reasonable to rely on the placards placed throughout the home as an accurate representation that the home had been winterized, that is, that the water had been turned off and appliances drained. Appellants maintain that the reliance on the placards was also reasonable

6

because the City's water valves are locked, so that there was no way to look at the meter box to determine if the water was turned off.

Appellants assert that simply turning the faucets on and off to determine if the water is turned off would create a potential flooding hazard when the water is turned back on; therefore, there is no independent way to determine if the water was truly turned off.

A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So. 2d 880; *Logan v. Richland Par. Hosp.*, 56,127 (La. App. 2 Cir. 4/9/25), 408 So. 3d 1208, *reh'g denied* (5/15/25), *writ denied*, 25-00760 (La. 10/1/25), 417 So. 3d 570. A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); *Staten v. Glenwood Reg'l Med. Ctr.*, 53,220 (La. App. 2 Cir. 1/29/20), 290 So. 3d 280, *writ denied*, 20-00591 (La. 9/23/20), 301 So. 3d 1184.

The burden of proof on a summary judgment motion remains with the mover. La. C.C.P. art. 966(D)(1). However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id*.; *Staten*, *supra*. If the opponent of

the motion fails to do so, there is no genuine issue of material fact and summary judgment should be granted. *Staten*, *supra.*

Upon our de novo review, we cannot say that State Farm has shown that there are no genuine issues of material fact as to whether Bennett exercised reasonable care in relying on the placards and is, therefore, entitled to summary judgment as a matter of law. In this case, the insurance policy provided in pertinent part:

> (1) We do not insure for loss to the property. . . directly and immediately caused by, one or more of the following:
> . . .
> (b) freezing of a plumbing. . . system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
> > (1) maintain heat in the building; **or**
> > **(2) shut off the water supply and drain the system and appliances of water. . .** (Emphasis added).

The policy only provides that the policyholder must have used reasonable care to either maintain heat in the building or to shut off the water supply and ensure that the systems and appliances are properly drained. The record reflects that there was no heat in the home and that no water service was available in the home as indicated by records from the City.

However, it was also established that several placards, placed by Sweet Olive, were located throughout the property, which indicated that the home had already been winterized and that the sinks were not to be turned on. Moreover, State Farm failed to establish that reliance on a third party to properly winterize or to have purported to have winterized property would vitiate the policy. Given this, this Court finds that there still remains a question of fact as to whether reliance on a third party for winterization of a home would otherwise vitiate the policy for purposes of recovery.

8

In *State Farm Fire & Cas. Co. v. Dean Flores Real Est., LLC*, 20-1087, (La. App. 1 Cir. 5/12/21), 326 So. 3d 292, State Farm's insured contracted with and relied on a third-party company to winterize his rental property. Following a hard freeze, pipes in the insured's home burst and caused damage to the property. The insured filed a claim, and State Farm subsequently paid for the property to be repaired and filed suit against the third-party contractor who was hired to winterize the home. While the merits of the case are not analogous to the present matter, the facts are nevertheless constructive. In both cases, State Farm's policyholders relied on another person to winterize property; and after a hard freeze, pipes in both properties burst and caused damage.

Given this, we cannot say that Bennett's reliance on the placards placed by a third-party relator was an issue that could be decided on a motion for summary judgment. Accordingly, we find that the trial court erred in granting the motion for summary judgment.

**Assignment of Error 2: Whether the trial court erred in granting the exception of no right of action against William Fredrick Bennett.**

By its second assignment of error, Appellants argue the trial court erred in granting the exception of no right of action against Bennett. Specifically, Appellants argue that Bennett was the acting agent for Bennett Properties of North Louisiana, LLC. As agent, Bennett had a right of action to assert any legal rights of the entity he represented under La. C.C. arts. 2989 and 694. Appellants assert that the original petition disclosed that Bennett was the acting agent, i.e., managing partner, on behalf of Bennett Properties of North Louisiana, LLC, and was therefore, entitled to enforce this action. Appellants argue that the trial court's judgment indicate the

court wanted to postpone arguments as to prescription and provided the Appellees with arguments they can cite later in support of a prescription argument.

Only a person having a real and actual interest to assert may bring an action. La. C.C.P. art. 681; *City of Shreveport v. CDM Smith Inc.*, 56,567 (La. App. 2 Cir. 11/19/25), 426 So. 3d 186. An exception of no right of action is a peremptory exception, the function of which is to show that, based upon the facts alleged and the evidence submitted, a plaintiff has no legal right or interest in enforcing the matter asserted. La. C.C.P. art. 932; *City of Shreveport v. CDM Smith Inc.*, *supra.* It asks whether the plaintiff belongs to the class of person to whom the law grants the cause of action asserted. *City of Shreveport v. CDM Smith Inc.*, *supra.*

The objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued upon. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. *Garrison v. James Const. Group, LLC*, 14-0761 (La. App. 1 Cir. 5/6/15), 174 So. 3d 15, *writ denied*, 15-1112 (La. 9/18/15), 178 So. 3d 146.

The burden of proof of establishing the exception of no right of action is on the exceptor. *City of Shreveport v. CDM Smith Inc.*, *supra.* An exception of no right of action presents questions of law requiring a de novo review by the appellate court. *Id*.; La. C.C.P. art. 927.

A limited liability company ("LLC") is an entity to which the law attributes personality and is, therefore, a juridical person. *See*, La. R.S. 12:1301. Therefore, as a general proposition, the law considers an LLC and the member(s) comprising the LLC, as being wholly separate persons. *See*

10

La. C.C. art. 24; *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So. 3d 888.

Moreover, La. R.S. 12:1320(C) provides:

> A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

The record in this case reflects that while Bennett initially purchased the property in his own right, he later transferred full ownership to Bennett Properties of North Louisiana, LLC, on December 16, 2022. Likewise, Bennett Properties of North Louisiana, LLC, was the sole policy holder for the home insurance policy from State Farm. At such point, Bennett no longer had any individual rights to assert a claim for damages arising from any water damage to the property. Therefore, the only proper party to this suit was Bennett Properties of North Louisiana, LLC, which the trial court recognized in its judgment. Accordingly, we find that the trial court did not err in granting the exceptions no right of action as to Bennett in his individual capacity; therefore, this assignment of error lacks merit.

**Assignment of Error 3: Whether the trial court erred in granting the exception of no right of action against "Bennett Properties, LLC" should have been denied as moot.**

By its last assignment of error, Appellants argue that the trial court erred in granting the exceptions of no right of action against "Bennett Properties, LLC." Appellants acknowledge that the original petition listed "Bennett Properties, LLC" as the plaintiff, which is an unrelated company located in south Louisiana. Appellants argue that once the petition was then amended to reflect that Bennett Properties of North Louisiana, LLC, was in fact the true and proper party to this suit, then the exceptions filed by the City, Sweet Olive, and White should have been rendered moot rather than

11

granted. Appellants argue that in doing so, the trial court inadvertently provided Appellees with support for a later argument for prescription.

It is undisputed "Bennett Properties, LLC" was listed as the named plaintiff in the original petition for damages. However, the petition was amended on May 29, 2025, to reflect that Bennett Properties of North Louisiana, LLC was the proper party to the suit rather than "Bennett Properties, LLC." The motion to amend was granted without opposition. Once the motion was granted, the exceptions of no right of action, as Appellants assert, were rendered moot. There was no need for the trial court to either grant or deny the exception as to "Bennett Properties, LLC" because the grounds on which the exceptions were filed were no longer at controversy following the amendment of the petition.

Accordingly, the trial court erred in granting the exception following the amendment of the petition to substitute the proper plaintiff, and the matter should have reflected that the issue was rendered moot.

## CONCLUSION

For the reasons set forth in this opinion, we reverse the trial court's granting of State Farm's motion for summary judgment; affirm the granting of the exceptions of no right of action as to Bennett in his individual capacity; and reverse the trial court's granting of exceptions of no right of action as to "Bennett Properties, LLC," noting that the matter should have been rendered moot following the amendment of the original petition to reflect that Bennett Properties of North Louisiana, LLC, was the proper party plaintiff. Costs of this appeal are assessed equally between the parties.

**REVERSE in part; AFFIRM in part.**